MARC E. JOHNSON, Judge.
| ^Defendant, Carlos Hernandez, appeals his aggravated battery conviction. For the reasons that follow, we affirm.
Defendant was charged in a bill of information with second degree battery in violation of La. R.S. 14:34.1 to which he pled not guilty. He proceeded to trial on June 22, 2011. On the morning of trial, the State amended the bill of information to charge defendant with aggravated battery in violation of La. R.S. 14:34, instead of second degree battery.[1] At the conclusion *506 of trial, a six-person jury found defendant guilty as charged.
The trial court subsequently denied defendant’s motions for post-verdict judgment of acquittal and for a new trial. On July 1, 2011, the trial court sentenced defendant to ten years imprisonment at hard labor. Defendant timely appealed.

\ .FACTS

On November 3, 2010, Deputy Brent Remondet was dispatched to 2504 East-view Drive in Harvey to investigate a disturbance involving a knife. Upon arrival, he observed people gathered in a driveway looking at the victim, Oscar Lara, who was lying on the ground with apparent stab wounds to his body.[2] The victim told Deputy Remondet what happened to him, and Deputy Remondet called for medical assistance. The victim was subsequently transported to the hospital where he underwent surgery and stayed for approximately one week.[3]
During his investigation, Deputy Re-mondet identified one witness, Peter Edel, who gave a statement at the scene. At trial, Mr. Edel testified that the victim and defendant were his half-brothers, and they all resided together at their mother’s home on Eastview Dr. Mr. Edel stated he witnessed an altercation between his brothers that resulted in the stabbing.
Mr. Edel explained Oscar and defendant were arguing, pushing, and swinging at each other in the living room of the residence. Upon hearing the commotion, Mr. Edel exited his bedroom at which time defendant went into the kitchen saying he was going to get a knife to stab Oscar. Defendant grabbed a knife from the kitchen, but Mr. Edel took it from him. Thereafter, defendant retreated to his bedroom.
Mr. Edel stated that Oscar subsequently walked out of the residence, and defendant followed him outside. Mr. Edel followed them, and as Oscar was walking away from the house he saw defendant with a blade. He then saw defendant stab Oscar two or three times. He stated he never saw Oscar with a 14knife. Mr. Edel applied pressure to Oscar’s wounds and told his mother to call an ambulance.
Oscar testified that he did not recall all of the details of the altercation, but stated he was intoxicated at the time he and defendant, who is his brother, had an altercation that resulted in him being stabbed. Oscar showed the jury the locations of his wounds, which he admitted were caused by defendant, and a large scar on his stomach from a surgery that was required after the altercation. Oscar denied that he made any threats to kill defendant and denied having a knife or gun on his person at the time of the incident.
Defendant was arrested at the scene. After learning defendant ran into the backyard after the incident, Deputy Re-mondet began searching for the weapon. He was advised by the neighbors that they had heard a sound in their backyard. A search revealed a knife on the roof of the backyard patio cover at the neighbor’s house.

LAW & ANALYSIS

Defendant’s appeal consists solely of an Anders[4] brief filed by his appointed *507 appellate counsel requesting an error patent review. Specifically, appellate counsel seeks to withdraw as counsel of record on the basis he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[5] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for |fidetermining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every mer-itless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. Rather, the Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may both deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. In his brief, he | f,states there were no hearings on dispositive motions prior to trial upon which to base a claim of error on appeal, and suggests that under the facts of this case, no motions to suppress applied. He notes that although voir dire was not transcribed, the court reporter indicated there were no objections to the two challenges for cause granted by the court. Counsel further states there were few objections during trial, none of which would warrant relief on appeal, and notes defendant successfully had the 911 tape excluded at trial. He states there were no objections to the jury charges or to the trial court’s response to the jury’s mid-deliberation question.
Appellate counsel also suggests that the evidence at trial was sufficient to support the verdict of aggravated battery as it showed the victim received multiple knife wounds at the hands of defendant. Counsel also contends there was no evidence to establish self-defense, noting that trial *508 counsel was satisfied with jury charges that did not include a charge on self-defense. Counsel also claims that the bill of information is in order and the minutes indicate that defendant was present with counsel for all critical court proceedings. Finally, counsel states defendant’s maximum sentence appears legal and is not unconstitutionally excessive under the circumstances of the case. As such, counsel contends that after a careful review of the record, he finds no non-frivolous issue upon which to base an appeal.
We find appellate counsel’s brief adequately reviews the procedural history of the case and the evidence presented, and provides a detailed assessment of whether there are any non-frivolous issues, thereby satisfying the requirements of Jyles.
In his motion to withdraw as attorney of record, appellate counsel indicates he notified defendant that he filed an Anders brief and explained to him his right to file a pro se supplemental brief. In a letter sent certified mail, this Court also | ^advised defendant of his right to file a pro se supplemental brief and informed him that he had until December 14, 2011 to do so. Defendant did not file a pro se supplemental brief.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When an Anders brief is filed, the appellate court reviews: (1) the bill of information to insure the defendant was properly charged; (2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal; (3) all pleadings in the record; and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, 676 So.2d at 1110-11.
The bill of information shows defendant was properly charged. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally La. C.Cr.P. art. 464-66.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, his trial and verdict, and his sentencing. Further, the jury composition was proper.
The record shows defendant filed several pre-trial motions, including motions to suppress the evidence, identification, and defendant’s statement, which do not appear to have been ruled upon prior to trial. Nevertheless, when a defendant does not object to the trial court’s failure to rule on a motion prior to trial, the motion is considered waived. State v. Wise, 05-221 (La.App. 5 Cir. 10/6/05), 916 So.2d 290, 293. Further, we note the motions to suppress were generic and that the evidence does not show any evidence, identification or statement subject to suppression.
| sAlso, defendant’s sentence does not present any issues for appeal. Defendant’s sentence falls within the sentencing range prescribed by statute. See La. R.S. 14:34. Further, defendant’s sentence is supported by the record. Defendant stabbed his drunken brother multiple times after he walked away from a previous altercation. His injuries required hospitalization and surgery. If not for the immediate medical attention received by the victim, the victim would have died.
Finally, the record shows the State presented sufficient evidence that defendant committed aggravated battery by stabbing the victim multiple times with a knife.
Accordingly, we find the proceedings surrounding defendant’s trial and sentence do no present any non-frivolous issues to be raised on appeal. Because appellant *509 counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence and grant appellate counsel’s motion to withdraw as attorney of record.
We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920. We note an error in the commitment that needs correction. The transcript reflects the trial court denied defendant’s motion to reconsider sentence, but the commitment only reflects that defense counsel said he would file a motion to reconsider and the court advised its intent to deny the motion. The transcript shows the trial court did more than express its intent to deny the motion; it actually denied the oral motion to reconsider sentence.
To insure an accurate record, we remand the matter for correction of the commitment to bring it in conformity with the transcript. The district court is |3directed to make the entries in the commitment reflecting the denial of the defendant’s motion to reconsider. We further direct the clerk of court to transmit the original of the minute entry/commitment to the officer in charge of the institution to which defendant has been sentenced, and to the Department of Corrections’ Legal Department. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-244 (La.9/15/06), 937 So.2d 846 (per curiam); State v. Lobo, 11-51 (La.App. 5 Cir.10/25/11), 77 So.3d 427, 439.

CONVICTION AND SENTENCE AFFIRMED; REMANDED; MOTION TO WITHDRAW GRANTED

. We note defendant was not're-arraigned on the amended charge. Defendant waived this omission by proceeding to trial without objection. See La.C.Cr.P. art. 555; State v. Narcisse, 01-49 (La.App. 5 Cir. 6/27/01), 791 So.2d 149, 152, writ denied, 01-2231 (La.6/14/02), 817 So.2d 1152.

. Deputy Remondet counted five wounds on the victim.

. The paramedic who treated the victim at the scene testified that if the victim had stayed at the scene he would have "bled out” and died.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).